United States District Court
Southern District of Texas

**ENTERED**
July 14, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| Marian Margarita Tornes Fonseca, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil No. 4:26-cv-2817 |
| | § | |
| Martin Frink,[1] *et al.*, | § | |
| | § | |
| Respondents. | § | |

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Marian Margarita Tornes Fonseca is a native and citizen of Cuba who concedes that she unlawfully entered the United States in 2023. Docs. 1 ¶ 4, 1-1 at 4, 7-1 at 1. On March 2, 2026, she was detained by the Department of Homeland Security pursuant to 8 U.S.C. § 1225(b), and she remains in the custody of Respondent, Warden of the Houston Contract Detention Facility. Docs. 1 at ¶ 10, 1-1 at 7. Petitioner seeks a writ of *habeas corpus* under 28 U.S.C. § 2241 on the grounds that her present detention without a bond hearing violates (i) substantive due process; (ii) procedural due process; and (iii) equal protection.

Now before the Court is Respondents' Motion to Dismiss and, in the Alternative, for Summary Judgment, Doc. 7, to which Petitioner has responded in opposition, Doc. 8.

---

[1] Petitioner named Bret Bradford in his official capacity as United States Immigration and Customs Enforcement's Enforcement and Removal Operations Field Office Director for the Houston area. *See* Doc. 1. Because Mr. Bradford ceased to hold office while this action remained pending, the Court substitutes his successor's name, Patrick Contreras. Fed. R. Civ. P. 25(d).

Respondents maintain that Petitioner is not entitled to a bond hearing because she is an "applicant for admission" under 8 U.S.C. § 1225(b)(2)(A) and is therefore subject to mandatory detention during her removal proceedings. *See* Doc. 7; *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026).

This Court has previously resolved the precise challenges raised by Petitioner, determining that the government may subject aliens awaiting a final removal order to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). *See Campos Bernal v. Frink*, 4:26-cv-2239, 2026 WL 1804234 (S.D. Tex. June 23, 2026). The Court held that for aliens such as Petitioner, pre-removal-order detention is both demanded by the Immigration and Nationality Act and a constitutionally permissible part of the removal process. *See id.* at *1, *4 (citing *Demore v. Kim*, 538 U.S. 510, 531 (2003)).[2]

As such, Respondent's Motion to Dismiss and, in the Alternative, for Summary Judgment is GRANTED, and the Petition for writ of *habeas corpus* is DENIED. This action is DISMISSED WITH PREJUDICE. The Clerk of Court is directed to CLOSE this case. A final judgment will be entered separately.

**SO ORDERED.**

---

[2] To the extent Petitioner argues her present detention constitutes "arbitrary and capricious" government action violative of the Due Process Clause, *see* Doc. 1 at 10–12, the Court has also considered and rejected this argument, *Campos Bernal*, 4:26-cv-2239, 2026 WL 1804234, at *4 n.4.

**SIGNED** at Houston, Texas, on the 14th of July, 2026.

_____
Nicholas J. Ganjei
United States District Judge